IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BONNYLEN CATLETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-1245-K |
| | § | |
| DUNCANVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, et al. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Partial Plea to the Jurisdiction and Partial Motion to Dismiss(doc. 35).   For the following reasons, the Court **DENIES in part and GRANTS in part**.

## I.    Factual Background

Plaintiff Bonnylen Catlett ("Plaintiff") worked for Defendant Duncanville Independent School District ("Duncanville") as a teacher  at Kennemer Middle School where Defendant Elijah Granger ("Granger") is the principal and Defendant Carolyn Price ("Price") is a school counselor.  On November 5,2008, Granger, having concluded Plaintiff should be tested for being under the influence of some substance, contacted Defendant Sandra Burks ("Burks"), Assistant Superintendent for Human Resources for Duncanville.  Without making any further inquiry into Granger's suspicions, Burks provided a voucher for a drug test at a CareNow facility.  Granger and Price then put

Plaintiff, against her wishes, into Price's car and took Plaintiff to a CareNow facility. The drug test was administered and reflected no illegal substances present in her body.

After this incident, Plaintiff filed a report with the Duncanville Police Department as to Granger's conduct. Plaintiff complains that after the incident of November 5 and after filing the police report, Granger publically humiliated her in front of students and colleagues, twice placed her on a performance improvement plan, and reprimanded her without reason. Then on January 15, 2009, Granger told Plaintiff to pack her personal belongings and leave the school immediately. Granger also informed Plaintiff he would be recommending non-renewal of her contract for 2009-2010 school year.

On January 23, 2009, Plaintiff filed a Level One grievance complaint with Duncanville. In this grievance, Plaintiff complains that on December 19,2008, Granger berated her in front of her students in her classroom. Plaintiff also noted that Granger later returned and ordered Plaintiff to leave the school, without giving her an opportunity to collect her personal items or work. Plaintiff then reported the incident to Burks. In her grievance, Plaintiff provides a history of the harassment, which included the November 5 incident involving the involuntary drug test. Plaintiff also asks that Granger's written recommendation for non-renewal of Plaintiff's contract for the next school year be removed.

For the remainder of the school year, Plaintiff was listed as a substitute teacher, but complains she was rarely used. On April 15, 2009, the Duncanville Superintendent

officially informed her that her contract for the 2009-2010 school year would not be renewed when it expired on June 5, 2009.

Plaintiff filed suit against Duncanville in state court on May 29, 2009. Duncanville removed the case to this Court on July 1, 2009, on the basis of a federal question. Plaintiff amended her complaint on October 5, 2009, adding Granger, Price and Burks as Defendants.

## II.     Legal Standard

Upon consideration of a motion to dismiss under Federal Rule of Procedure 12(b)(6), the court must presume all well-pleaded facts in plaintiff's complaint to be true, and resolve any ambiguities or doubts regarding the sufficiency of her claims in her favor. *Kane Enterprises v. MacGregor (USA) Inc.,* 322 F.3d 371, 374 (5th Cir. 2003); *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986). Further, the court may not dismiss the complaint under rule12(b)(6) "unless it appears beyond doubt that Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)(claim should not be dismissed unless court concludes that plaintiff cannot prove believable facts to support the claim). However, Plaintiffs must plead specific facts, not mere conclusory allegations, to avoid dismissal for failure to state a claim. *Kane Enterprises,* 322 F.3d at 374; *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). Dismissal is proper when "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the

present defendants to liability." *Jacquez v. Procunier,* 801 F.2d 789, 791-92 (5th Cir. 1986); *but see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)(a well-pleaded complaint may continue even if "recovery is very remote and unlikely").

## III.   Analysis

### A.   Partial Plea to the Jurisdiction

Along with the partial motion to dismiss under Rule 12(b)(6), Duncanville filed a partial plea to the jurisdiction, arguing the Court has no subject matter jurisdiction over Plaintiff's retaliation and negligence claims.  Specifically, Duncanville asserts that (1) Plaintiff failed to follow Duncanville's grievance procedures as to the alleged act of retaliation and (2) Duncanville is entitled to sovereign immunity for the negligence claim.  A plea to the jurisdiction is the appropriate vehicle in state court for asserting immunity from suit.  *See Levy V. City of Rio Grande City*, Civ. No. 3:04-CV-0381-B, 2006 WL 3831299, *3 (N. D. Tex. Dec. 28, 2006)(Boyle, J.).   In federal court, a Rule 12(b)(1) motion, a motion arguing lack of subject matter jurisdiction, is the closest equivalent to a plea to the jurisdiction. FED. R. CIV. P. 12(b)(1); *id.*.  Accordingly, the Court **denies** the partial plea to the jurisdiction **without prejudice to refiling** the same as a Rule 12(b)(1) motion should Defendant Duncanville so choose.  If Duncanville files a Rule 12(b)(1) motion, it must specifically address: (1) the basis for its claim of governmental immunity as to Plaintiff's retaliation claim under the Texas Whistleblower Act and Plaintiff's negligence claim; and (2) whether it has waived (or even can waive) immunity from suit by its conduct (e.g., removing the case to federal court).

Duncanville must file this motion within twenty (20) days from the date this order is signed.

### B.     Individual Defendants

Individual Defendants Elijah Granger, Carolyn Price, and Sandra Burks (collectively "Individual Defendants") move the Court to dismiss Plaintiff's false imprisonment claim against them, arguing it is mandatory under Texas Tort Claims Act ("TTCA").  In her Second Amended Complaint, Plaintiff, for the first time, asserted a false imprisonment claim against Duncanville and the Individual Defendants.

The election provision of the TTCA precludes recovery against an individual government employee, allowing recovery as to the governmental entity only when: (1) a suit is filed against the governmental entity only, TEX. PRAC. & REM. CODE § 101.106(a); (2) a suit is filed against both the governmental entity and the employee, *id.*, § 101.106(e); and (3) a suit is filed against the employee who was acting within the scope of his employment and the suit could have been brought against the governmental entity, *id.*, § 101.106(f).  Section 101.106 of the TTCA forces the plaintiff at the beginning of the case to decide whether the government employee acted independently and is alone liable, or whether the employee was acting within the scope of his employment making the governmental entity vicariously liable.  *City of Arlington v. Randall*, 301 S.W.3d 896, 903 (Tex. App.–Ft. Worth, 2009)(citing *Mission Consol. ISD v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008)).  This irrevocable election of the plaintiff

serves the purpose of promoting judicial efficiency and economy by narrowing the issues for trial and reducing delay and litigation costs. *City of Arlington*, 301 S.W.3d at 903.

The Individual Defendants contend this Court must dismiss Plaintiff's false imprisonment claim against them under section 101.106(e) of the TTCA because she asserts the same claim against Duncanville as well. It is well settled law that all tort claims asserted against a governmental entity, whether sued alone or along with its employees, are assumed to be brought "'under the [TTCA]' for purposes of section 101.106" since the TTCA is "'the only, albeit limited, avenue for common-law recovery against the government'". *Id.* (quoting *Garcia*, 253 S.W.3d at 659). By filing a motion to dismiss under § 101.106, the governmental entity perfects its statutory right for its employees to be dismissed. *City of Arlington*, 301 S.W.3d at 903. Furthermore, a plaintiff cannot moot the governmental entity's right to dismissal by filing a motion to amend his pleading after the government files its motion to dismiss. *Id.*

In this case, Plaintiff asserts a false imprisonment claim against Duncanville and its employees, the Individual Defendants. Once Duncanville filed this motion to dismiss under § 101.106 of the TTCA, it perfected its right for the Individual Defendants, its employees, to be dismissed. *Id.* Plaintiff cannot attempt to circumvent their dismissal by amending her pleading now, since Duncanville has perfected its right. *Id.* Accordingly, because section 101.106 of the TTCA applies to Plaintiff's intentional tort claim of false imprisonment, the Court **grants** Defendants' partial motion to dismiss the false imprisonment claim against the Individual Defendants. *See Bustos v. Martini Club,*

*Inc.*, 599 F.3d 458, 463 (5th Cir. 2010)(affirming district court's dismissal of individual police officers when plaintiff alleged the same intentional tort claims, including false imprisonment, against the city also, concluding dismissal was required under § 101.106(e) when the city moved to dismiss the officers).

### C.    Duncanville ISD

Duncanville argues the Court must dismiss all section 1983 claims against it because Plaintiff failed to adequately plead those claims and Duncanville is immune from punitive damages.

Initially, the Court addresses the specific issue of whether a municipality or local governmental entity, such as an independent school district, can be liable for punitive/exemplary damages. The law on this is unequivocally clear. School districts are immune from such damages under section 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Therefore, the Court **grants** Duncanville's motion to dismiss as to any claims for punitive/exemplary damages against it from § 1983 claims.

To assert a § 1983 claim, Plaintiff must allege a violation of her constitutionally or federally protected rights, and show that the deprivation occurred because of the actions of a person or entity acting under color of state law. *Doe on behalf of Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998) (quoting *Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994)). A local governmental entity, such as an independent school district, cannot be liable under § 1983 on a *respondeat superior* theory; rather, the school district can be liable only for the result of actions for which it is

actually responsible. *Doe*, 153 F.3d at 215.  Plaintiff is required to plead that an official policy or custom of the school district caused and was the "'the moving force' of the violation of federally protected rights." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 385-91 (1989)); *see Lefall*, 28 F.3d at 525.  Plaintiff's pleading must describe with specificity the policy or custom, not merely conclude such a policy or custom exists. *See Spiller v. City of Texas, Police Department*, 130 F.3d 162, 167 (5th Cir. 1997).  At this stage of the case, Plaintiff's complaint must allege facts which, if true, would indicate, something more than mere speculation, that Plaintiff is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court denies the partial motion as to the § 1983 claims.  The Court finds that Plaintiff's complaint has alleged facts that, if true, raise her right to relief above a level of mere speculation. *See Bell Atlantic*, 550 U.S. at 555.  Plaintiff has alleged that Duncanville's drug testing policy, which is set forth on Duncanville's website and promulgated by the school board, caused and was the "moving force" behind the violation of Plaintiff's constitutional rights.  Therefore, Duncanville's partial motion to dismiss must be **denied** as to the § 1983 claims.

## IV.    Conclusion

The Court **denies without prejudice** Duncanville's partial plea to the jurisdiction **to be re-filed** within twenty days as a Rule 12(b)(1) motion should Duncanville so choose.  The Court **denies** the motion to dismiss Plaintiff's § 1983 against Duncanville. The Court **grants** the motion to dismiss Plaintiff's claim for punitive damages arising

from Plaintiff's § 1983 claims against Duncanville.  The Court **grants** the motion to dismiss Plaintiff's false imprisonment claim against the Individual Defendants.

**SO ORDERED.**

Signed May 27th, 2010.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE