IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BONNYLEN CATLETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-1245-K |
| | § | |
| DUNCANVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, et al. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are: (1) Defendant Duncanville Independent School District's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. No. 45); (2) Defendants' Motion for Partial Summary Judgment (Doc. No. 43); and (3) Defendants' Opposed Motion to Strike Plaintiff's Incompetent Summary Judgment Evidence (Doc. No. 51). For the following reasons, the Court: (1) **DENIES in part and GRANTS in part** Defendant's motion to dismiss; (2) **GRANTS in part and DENIES in part** Defendants' motion for partial summary judgment; and (3) **DENIES** Defendants' motion to strike Plaintiff's evidence.

## I.      Factual Background

Plaintiff Bonnylen Catlett ("Plaintiff") worked for Defendant Duncanville Independent School District ("Duncanville") as a teacher  at Kennemer Middle School where Defendant Elijah Granger ("Granger") is the principal and Defendant Carolyn

Price ("Price") is a school counselor. On November 5, 2008, Granger, having concluded Plaintiff should be tested for possibly being under the influence of some substance, contacted Defendant Sandra Burks ("Burks"), Assistant Superintendent for Human Resources for Duncanville. Burks provided a voucher for a drug test at a CareNow facility. Granger and Price then took Plaintiff in Price's car to a CareNow facility ("CareNow"). The drug test was administered and reflected no illegal substances present in her body.

After this incident, Plaintiff filed a report with the Duncanville Police Department as to Granger's conduct. Plaintiff complains that after the incident of November 5 and after filing the police report, Granger publically humiliated her in front of students and colleagues, twice placed her on a performance improvement plan, and reprimanded her without reason. Then, on January 15, 2009, Granger told Plaintiff to pack her personal belongings and leave the school immediately. Granger also informed Plaintiff he would recommend non-renewal of her contract for the 2009-2010 school year.

On January 23, 2009, Plaintiff filed a Level One grievance complaint with Duncanville. In this grievance, Plaintiff complains that on December 19, 2008, Granger berated her in front of students in her classroom. Plaintiff also noted that Granger later returned and ordered Plaintiff to leave the school, without giving her an opportunity to collect her work or personal items. Plaintiff then reported the incident to Burks. In her grievance, Plaintiff outlined a history of the harassment, which included the November 5th incident involving the drug test. In the same grievance, Plaintiff asked that

Granger's written recommendation for non-renewal of Plaintiff's contract for the next school year be removed.

For the remainder of the 2008-2009 school year, Plaintiff was listed as a substitute teacher, but complains she was rarely used. On April 15, 2009, the Duncanville Superintendent officially informed her that her contract for the 2009-2010 school year would not be renewed when it expired on June 5, 2009.

Plaintiff filed suit against Duncanville in state court on May 29, 2009. Duncanville removed the case to this Court on July 1, 2009, on the basis of a federal question. Plaintiff amended her complaint on October 5, 2009, adding Granger, Price and Burks as Defendants.

## II.    Legal Standards

### A.    Rule 12(b)(1) Motion to Dismiss

A case may be dismissed for lack of subject matter jurisdiction under rule 12(b)(1). FED. R. CIV. P. 12(b)(1). The court must first address a motion to dismiss for lack of subject matter jurisdiction before any other challenge in order to determine jurisdiction before addressing the validity of a claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). In ruling on a Rule 12(b)(1) motion, the court "'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. Apr. 9, 2010)(quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897(1981)). In considering a Rule 12(b)(1) motion, the court may look solely to the

complaint, the complaint along with undisputed facts, or the complaint with undisputed facts and the court's resolution of disputed facts. *Williamson*, 645 F.2d at 413. The party asserting subject matter jurisdiction bears the burden of proving it on a Rule 12(b)(1) motion. *Stiftung*, 603 F.3d at 297; *see Castro v. US*, 608 F.3d 266, 268 (5th Cir. June 2, 2010).

### B.    Summary Judgment

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute of a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 322-25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show the existence of a genuine fact issue for trial; but, the nonmovant may not rest upon allegations in the pleadings to make such a showing. *Id.* at 321-25;

*Anderson*, 477 U.S. at 255-57. The nonmovant may satisfy this burden by providing depositions, affidavits, and other competent evidence; not with "conclusory allegations, speculation, and unsubstantiated assertions." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence cannot defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-52; *Boudreaux*, 402 F.3d at 540. If the nonmovant fails to make a sufficient showing to prove the existence of an essential element to the case and on which the nonmovant will bear the burden of proving at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322.

## III. Application of the Law

### A. Rule 12(b)(1) Motion to Dismiss

In its motion to dismiss, Duncanville argues the Court lacks subject matter jurisdiction for the following of Plaintiff's claims: (1) negligence as to Duncanville because Duncanville is entitled to sovereign immunity; (2) retaliation as to Duncanville because Plaintiff failed to initiate the grievance procedure; and (3) breach of contract as to Duncanville because Plaintiff failed to exhaust her administrative remedies.

Taking the facts most favorably to Plaintiff, the Court **denies** the motion as to Plaintiff's claims for retaliation and breach of contract. But, the Court **grants** the motion as to Plaintiff's negligence claim against Duncanville because it is entitled to sovereign immunity on this claim.

### 1. Sovereign Immunity for Negligence Claim

Sovereign immunity divests a court of subject matter jurisdiction in a suit against the state unless the state consents. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Governmental immunity acts like sovereign immunity to provide similar protection from suit for state agencies, such as school districts. *Id.* In the Texas Tort Claims Act ("TTCA"), the Texas Legislature waived governmental immunity only in certain limited circumstances. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2010). A school district is a governmental unit for purposes of immunity under the TTCA. TEX. CIV. PRAC. & REM. CODE Ann. § 101.001(3); *see LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992). The plaintiff bears the burden of proving the court has subject matter jurisdiction by establishing a waiver of immunity under the TTCA. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). The court looks to the plaintiff's factual allegations and, if relevant to the jurisdictional issue, any evidence provided by the parties. *Id.*

Duncanville agues Plaintiff fails to prove any waiver of immunity. The TTCA provides that immunity is waived and the governmental agency is responsible for personal injury caused by an employee acting within his or her scope of employment if the personal injury arises from the operation or use of a motor driven vehicle. TEX. CIV. PRAC. & REM. CODE Ann. § 101.021(1)(A); *see also id.* § 101.051 (school district's immunity waiver limited to claims involving motor vehicles). Plaintiff must establish Duncanville waived immunity under the TTCA because her injuries arose from the

operation or use of a motor vehicle. The Court concludes Plaintiff failed to meet this burden for numerous reasons.

a. *Negligence Claim as Plead*

First, the Court cannot conclude that Plaintiff's negligence claim sufficiently established a waiver of immunity because her claim does not even reference a motor vehicle causing her alleged injury. In her Third Amended Complaint ("Amended Complaint), Plaintiff claims Duncanville was negligent in "creating conditions under which [Duncanville] employees are allowed to violate Plaintiff's personal liberty interests and privacy rights." Plaintiff goes on to allege that Duncanville failed to train their employees against violating another person's constitutionally protected interests and right to privacy, and it contributed to the violations "by willingly providing a voucher which became the instrument by which Defendants further violated Plaintiff's rights." She further alleges that Burks authorized and failed to restrain" Granger and Price (although Plaintiff mistakenly refers to Defendant Price as "Foster") from their conduct, and Duncanville, through Burks' conduct, failed to identify a "'special governmental need'" for Duncanville to violate Plaintiff's constitutional rights.

Plaintiff's claim is couched in terms of Duncanville failing to properly train its employees, which caused her constitutionally protected interests and privacy rights to be violated. But, as Duncanville correctly points out, Plaintiff asserts a section 1983 claim in which she addresses the violations of these rights. Plaintiff attempts to circumvent her burden by directing the Court to other parts of her Amended Complaint

that, according to Plaintiff, clearly indicate she is alleging the motor vehicle was the instrument used to facilitate the individual Defendants' conduct, thus creating negligence on Duncanville's part. It is not the burden of the Court to sift through the entirety of Plaintiff's Amended Complaint to determine what allegations and facts support which claim. Plaintiff's negligence claim fails to establish a waiver of immunity under the TTCA on the mere fact that she fails to allege her personal injuries from Duncanville's negligence arose from the operation or use of a motor vehicle. Immunity is waived for school districts only in circumstances involving motor vehicles; not for failure to properly train or restrain its employees, or for providing a drug testing voucher. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.051. Plaintiff fails to establish waiver of immunity.

b.      *Motor Vehicle Must Cause Injury*

Even if Plaintiff's negligence claim itself, rather than the entirety of her Amended Complaint as Plaintiff directs the Court to, properly alleged that the use of Price's car by Duncanville employees caused her injuries, she still cannot meet her burden. The facts as they are cannot establish the required nexus between the operation or use of the vehicle and her alleged injuries. Texas courts have consistently held that a nexus must exist between the operation or use of the motor vehicle and the plaintiff's injuries. *See Whitley*, 104 S.W.3d at 543; *Lipan Indep. Sch. Dist. v. Bigler*, 187 S.W.3d 747, 751-52 (Tex. App.–Ft. Worth, 2006); *Montoya v. Houston Indep. Sch. Dist.*, 177 S.W.3d 332, 337 (Tex. App.–Houston[1st Dist.], 2005); *Garza's Estate v. McAllen Indep. Sch. Dist.*, 613

S.W.2d 526, 527 (Tex. Civ. App.–Beaumont 1981). The motor vehicle must be more than merely involved in the incident; it must have actually caused in the injury. *Whitley*, 104 S.W.3d at 543.

As the facts are alleged, the Court cannot conclude that the vehicle used was anything more than merely involved in the incident. It is the operation or use of the vehicle that must cause the injury; and clearly, as the facts have been alleged, that is not the case here. *See id.* The use of the car may have facilitated and contributed to her alleged injuries, but in no way as the facts are alleged did the use of the car itself cause the injuries. *See Whitley*, 104 S.W.3d at 542-43. (plaintiff's injuries were caused by the woman and her friends who beat him, not from the use of the bus even though the bus driver's actions may have contributed to it). Simply providing the means that makes the injury possible is not enough for purposes of waiving immunity. *Id.* Plaintiff fails to make the required showing that the operation or use of the vehicle used to drive her to the CareNow facility caused her alleged injuries; a well-established requirement under Texas law. *See Whitley*, 104 S.W.3d at 543; *Bigler*, 187 S.W.3d at 751-52; *Montoya*, 177 S.W.3d at 337.

### c.    *Ownership of Motor Vehicle*

There is yet another alternative basis for finding Duncanville has sovereign immunity. Because this is a state law claim, the Court is bound to follow Texas law. *See Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 353 (5th Cir. 1989). There are three Texas Supreme Court cases, the most recent in 2004, that

specifically state the TTCA waives immunity when it involves the "use of <u>publicly owned</u> automobiles." *See Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004); *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000); *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976).

It is not possible for Plaintiff to establish the vehicle was publicly owned. Plaintiff sets forth in her factual allegations that the vehicle used to transport her to the CareNow facility was the private vehicle of the school's counselor, Defendant Price. Texas' highest state court in three opinions has stated that immunity was waived under the TTCA when the injuries were caused by a publicly owned motor vehicle. *See supra*. This Court must follow the case law from the state's highest court, and Plaintiff cannot establish the car was publicly owned.

In conclusion, the Court finds Duncanville has sovereign immunity from Plaintiff's negligence claim. The Court **grants** Duncanville's motion to dismiss as to this claim only. The Court **denies** the motion to dismiss as to Plaintiff's retaliation and breach of contract claims.

### B.    Motion for Partial Summary Judgment

In their motion for partial summary judgment, Defendants argue the Court should grant summary judgment on Plaintiff's claim of breach of contract against Duncanville as well as her claim for declaratory judgment as to the breach of contract claim, Plaintiff's section 1983 claims against all Defendants, and Plaintiff's claim for attorneys' fees. The Court agrees and **grants** the motion for partial summary judgment as to

Plaintiff's breach of contract claim against Duncanville and the section 1983 claims against all Defendants. The Court **denies** the motion as to the claim for attorneys' fees because Plaintiff's claim for retaliation still stands.

### 1.　　Breach of Contract Claim

Duncanville contends that summary judgment is proper on Plaintiff's breach of contract claim because she failed to exhaust her administrative remedies and alternatively because she failed to perform as required under the contract and she was compensated for all the days she did work. Furthermore, because Plaintiff cannot recover on her breach of contract claim, Defendant asserts that her claim for declaratory judgment on this claim must also fail.

#### a.　　*Plaintiff Compensated for Work Performed*

Assuming without deciding Plaintiff exhausted her administrative remedies and/or was not required to exhaust her administrative remedies because of an exception, the Court concludes there is no genuine issue of material fact issue on her breach of contract claim.

Plaintiff's Amended Complaint alleges that she was effectively suspended because she was "removed from her primary teaching position, and was placed on a sporadic substitute work schedule with reduced pay." Plaintiff goes on to state that because she was not discharged after being suspended, the Texas Education Code entitles her to back pay for the period of suspension. Plaintiff also claims that she fully performed her side

of her teaching contract with Duncanville in that she "provided her services as a teacher in accordance with [her contract] whenever and wherever she was instructed to do so."

Duncanville moves for summary judgment arguing that Plaintiff was compensated for the days she worked under her contract. Furthermore, the contract between Plaintiff and Duncanville states, " [Plaintiff] shall be subject to assignment and reassignment of position or duties, additional duties, changes in responsibilities or work, transfer or reclassification at any time during the Contract term."

Plaintiff responds first by arguing that her breach of contract claim "stems from the fact that she was only reassigned because of the wrongful retaliation on the part of Defendant Granger" and her reassignment was only pretext for "unlawful retaliatory conduct." Plaintiff attempts to assert a retaliation claim couched in breach of contract terms; however, Plaintiff asserted a separate retaliation claim against Duncanville. This argument is without merit. For purposes of her breach of contract claim, the Court looks to whether (1) a valid contract existed, (2) the plaintiff performed, (3) the defendant breached the contract, and (4) the plaintiff suffered damages as a result. *See In re Staley*, — S.W.3d —, 2010 WL 3002331, *7 (Tex. App.–Dallas, Aug.3, 2010). In a breach of contract claim, the Court does not inquire whether any motivating factor prompted the breach–merely, whether the contract was breached at all. In this case, the record indicates a valid contract existed and Plaintiff performed under the contract. What is in dispute is whether Duncanville breached the contract and Plaintiff suffered damages.

As for Duncanville breaching the contract, Plaintiff's Amended Complaint focuses on her removal from "her primary position." Yet, Plaintiff herself acknowledges in her response that, under the teaching contract, Duncanville has discretion to reassign employees. Plaintiff makes no other responsive argument and provides no competent summary judgment evidence as it relates to her reassignment from a middle school math teacher to a roving substitute teacher. Plaintiff's Amended Complaint makes reference to her receiving "reduced pay" after being reassigned to a substitute teacher role. But, Plaintiff completely fails to expound on this element of her claim in her summary judgment briefing. Duncanville established through competent summary judgment evidence that she was paid for the days she worked. Plaintiff failed to produce any competent summary judgment evidence to the contrary. In her deposition, Plaintiff testified that she could not remember all the days for which she had worked but had not been compensated, but that information was in her records. She agreed to supplement her testimony at a later date with that information, so it would be accurate. However, the record before the Court does not reflect this information was ever supplemented, and Plaintiff makes no reference in her responsive briefing that she did supplement her deposition testimony with this information from her records.

Furthermore, the contract between Plaintiff and Duncanville provides that if Plaintiff is absent from work for all or part of a day, then her pay may be reduced if she does not have any leave benefits remaining. Plaintiff admitted that she had used all her leave with Duncanville, and she was compensated for those leave days also.

Furthermore, whether Plaintiff received reduced pay as a substitute teacher is not for the Court to establish or sift through the record to determine. Plaintiff bore the burden on summary judgment to establish that for the Court, and she did not. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006)(Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment). Therefore, the Court cannot conclude that Duncanville breached the contract merely because she was not paid her salary for the days after she had been reassigned as a substitute but then she chose not to work those days. Plaintiff fails to establish for the Court, under her breach of contract claim, that she was not afforded the opportunity to work; whereas Duncanville has provided competent summary judgment evidence to the contrary. Plaintiff's responsive argument rests on the position that Duncanville failed to establish for the Court that, although there were substitute teaching positions available to Plaintiff, she would have actually been chosen to fill any of those positions. But Plaintiff cites no authority for this position. Plaintiff mistakenly believes that Duncanville's "failure" to establish Plaintiff's eligibility for these positions, without anything more, is fatal.

The Court concludes Plaintiff has wholly failed to meet her summary judgment burden as to her breach of contract claim, and summary judgment is appropriate.

2.    Section 1983 Claims

   *a.    Duncanville*

   In her amended complaint, Plaintiff complains Duncanville violated her Fourth and Fourteenth Amendment rights when Defendants Granger, Price, and Burks, acting under Duncanville's drug testing policy, took her to CareNow by "forcing her into a vehicle against her will" and forcing her to submit to a drug test.  Plaintiff specifically contends that Duncanville is liable because Defendants Granger, Price, and Burks' actions were the result of an official policy of Duncanville.

   Duncanville's Employee Standards of Conduct sets forth the policies for searches generally and for drug testing:

> Searches–General Rule
> The District may search an employee or an employee's property if:
> 1.    There are reasonable grounds to believe that the search will turn up evidence that the employee is guilty of work-related misconduct; and
> 2.    The search is reasonably related in scope to the circumstances that justified the interference in the first place.  (Internal citations omitted.) . . . .
>
> Drug/Alcohol Testing
> Blood, urine, and breath tests of public employees to determine drug use are searched under the Fourth Amendment of the U.S. Constitution.  (Internal citations omitted.)
>
> Random Drug Testing
> The District may conduct drug tests, without a warrant and without individualized suspicion, when the test serves special governmental needs that outweigh the individual's privacy expectation.  (Internal citations omitted.)

Duncanville argues summary judgment is proper on Plaintiff's section 1983 claims for several reasons. Duncanville first argues that summary judgment is appropriate because Defendants Granger, Price, and Burks are not policymakers, and merely having a drug testing policy is insufficient to establish liability of Duncanville. In response to Duncanville's argument, Plaintiff directs this Court to a prior order in which the Court denied Duncanville's motion to dismiss this same claim as support that summary judgment should be denied. The Court would like to point out to Plaintiff that while her section 1983 claim may have survived the motion to dismiss stage, that does not equate to a finding by this Court that genuine issues of material fact exist to survive summary judgment. The Court merely concluded that Plaintiff had sufficiently alleged a claim that rose above mere speculation which allowed her claim to survive the motion to dismiss stage; that is not a finding by the Court that Plaintiff had proven her claim. Plaintiff must still satisfy her burden on summary judgment.

Plaintiff contends in her responsive brief that it was Defendants Granger, Price, and Burks implementation of Duncanville's drug testing policy that violated her constitutional rights. She claims that Duncanville's policy is "unconstitutional as written in its permissiveness." First, the Court notes that Plaintiff did not assert an allegation in her complaint that Duncanville's drug testing policy was unconstitutional. In her Amended Complaint, Plaintiff alleges that Duncanville, "through its employees Granger, Price, and Burks, violated the rights of Plaintiff by forcing her into a vehicle against her will and forcing her to undergo drug testing." She further alleges that these

Individual Defendants "were acting pursuant to [Duncanville's] Drug Testing Policy" and it was their conduct that violated her constitutional rights. There is no allegation made in her Amended Complaint that Duncanville's policy is unconstitutional as written. Therefore, the Court will not address this claim as Plaintiff is precluded from making it for the first time in her responsive brief. *See Wolf v. Texas A&M Univ. Sys.*, 2010 WL 1945746, Civ. No. H-09-0643, *4 (S.D. Tex., May 12, 2010)(citing *Cutrera v. Bd. of Supervisors of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005)).

A plaintiff may pursue a section 1983 claim against a municipality. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978). But the burden for establishing municipal liability under § 1983 is stringent. *See Atkins v. City of Carrollton*, 1997 WL 160297, at *3 (N.D. Tex. March 27, 1997)(Fitzwater, J.). To survive summary judgment, the plaintiff must establish that (1) a person acting under color of state law committed the offending conduct and (2) the plaintiff's constitutional rights were violated by the conduct. *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). Furthermore, a local government entity, such as an independent school district, can be liable only for acts for which it is actually responsible. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). The municipality cannot be liable on a *respondeat superior* theory on a section 1983 claim. *Id.* But, liability may attach under section 1983 where the municipality's official policy (or custom), made by a policy maker, causes the constitutional violation. *Id.*; *Worsham v. City of Pasadena*, 881 F.2d 1336, 1339 (5th Cir. 1989)(citing *Monell*, 436 U.S. at 694)(municipal liability because of actions of

official can be established only where it is shown that official acted pursuant to official

government policy). The plaintiff must provide competent summary judgment evidence

to establish that a reasonable trier of fact would find that the injuries resulted from the

exercise of the official policy. *Moore v. Dallas Indep. Sch. Dist.*, 2008 WL 5000058, No.

3:07-CV-0009-D, *3 (N.D. Tex., Nov. 24, 2008)(Fitzwater, J.), *aff'd*, 370 Fed.Appx. 455

(5th Cir., March 12, 2010). An "official policy" is:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). A municipality may be

liable for the single action of a municipal policymaker where the municipality has

"officially sanctioned or ordered" the action. *Worsham*, 881 F.2d at 1340 (quoting

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-480 (1986)). The official must be a

policymaker with the power to set the policy at issue for municipal liability to attach,

and the official must have *final* policymaking authority. *Worsham*, 881 F.2d at 1340

(emphasis in the original)(citing *Pembaur*, 475 U.S.1298-1300).

The Court concludes Plaintiff failed to meet her burden. Duncanville can be liable only for its own wrongdoings when the enforcement of its drug testing policy results in the violation of Plaintiff's constitutional rights. *See Monell*, 436 U.S. at 694. Texas law is clear that policymaking authority in an independent school district belongs to the board of trustees. TEX. EDUC. CODE ANN. § 23.01 (West 2010); *see Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993). Even though Texas law permits a principal to exercise decision making authority in certain areas, the principal must still follow guidelines and policies in those areas enacted by the school district. *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995). Even taking all Plaintiff's factual allegations as true, that she was forced into a vehicle against her will and forced to undergo drug testing, there is nothing in the drug testing policy directing Duncanville employees to effectuate that policy in the ways in which Plaintiff complains. Again, assuming the truth of the factual allegations, Plaintiff offers no evidence that this was anything more than a single incident involving the discretionary judgment of the individual defendants. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988)(if employee's exercise of discretion resulted in constitutional violation, the result would be identical to a theory of *respondeat superior*). There is no evidence that a final policymaker, as required under case law, was involved. *See Pembaur*, 475 U.S. at 480; *Worsham*, 881 F.2d at 1340. Moreover, there is no evidence that the board of trustees had any knowledge, constructive or actual, of what had happened, or that they ratified the conduct of Granger, Price and Burks. *See Pembaur*, 475 U.S. at 480 (municipality liable

under section 1983 only for acts which municipality has officially sanctioned or ordered).

In her response, Plaintiff contends that Duncanville was not required "to specifically ratify the acts of Granger, Price and/or Burks. It is sufficient if [they] were acting in accordance with [Duncanville] policy, as promulgated by the District's Board of Directors, and such policy was responsible for the harm caused." Plaintiff, however, is mistaken. Plaintiff's Amended Complaint alleges that she suffered injuries because of the individual defendants' actions in following the drug testing policy: the act of forcing her into the car to take her against her will to undergo a drug test without her consent. These are not actions set forth in Duncanville's policy. These are the individuals' actions in effectuating the drug testing policy. The Supreme Court in *Praprotnik* concluded:

> When an official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than the subordinate's departures from them, are the act of the municipality. Similarly, when a subordinate's decision is subject to review by the municipality's authorized policymakers, they have retained the authority to measure the official's conduct for conformance with their policies. If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final.

*Praprotnik*, 485 U.S. at 127. In this case, there is no evidence, nor can there be, that Granger, Price, and/or Burks were policymakers such that their actions can be directly attributable to Duncanville, thus making Duncanville liable under section 1983. The Court concludes these individual defendants, who are constrained by Duncanville's

policy, not the final policymakers on Duncanville's drug testing policy, made discretionary decisions when acting under the policy. The Court finds summary judgment on Plaintiff's section 1983 claim against Duncanville is appropriate.

Even if the Court were to conclude that Plaintiff survived the first hurdle to establishing her section 1983 claim, summary judgment would be appropriate on other grounds. Plaintiff testified in her deposition that she never refused to go with Defendants Granger and Price, and she never told them she wanted to get out of the car. She testifies that she never said anything to them. The summary judgment record further reflects that Plaintiff initially refused to submit to the drug test when they arrived at CareNow; however, after Defendants Granger and Price left, and after her husband had arrived to pick her up, she agreed to the urinalysis. The summary judgment record reflects (1) Plaintiff went without objection, physical or verbal, to CareNow with Defendants Granger and Price, and (2) she voluntarily submitted to the drug test after she was free to leave when Defendants Granger and Price had left and her husband was there with her to take her home. Plaintiff does not provide any competent summary judgment evidence to show she was taken against her will and forced to submit to a drug test other than her own self-serving assertions in her amended complaint, her responsive pleading, and her affidavit. *See Anderson*, 477 U.S. at 256-57 (self-serving affidavit does not create a genuine issue of material fact for trial); *see also United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)(affirming summary judgment for plaintiff where defendant's only evidence consisted of "self-serving allegations," which are not the

type of significant probative evidence required to defeat summary judgment). While an affidavit may supplement, clarify, or amplify prior sworn testimony, it may not contradict the prior testimony without adequately explaining the contradiction. *See Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 482-83 (5th Cir. 2002); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495-96 (5th Cir. 1996). Plaintiff does not explain to the Court why her deposition states that she went with Granger and Price without voicing any objection and that she consented to the drug test after Granger and Price left, yet she states in her affidavit that she did not consent to going in Price's car, and she did not consent to the drug test. Based on the summary judgment record before the Court, summary judgment is appropriate on Plaintiff's section 1983 claim against Duncanville because, based on Plaintiff's own deposition testimony, there is no evidence of a violation of her constitutional rights.

Even if the Court were to find evidence of a constitutional violation, summary judgment would still be appropriate. The Employee Standards of Conduct itself emphasizes that urinalysis of Duncanville's employees is a search under the Fourth Amendment. *See Nat'l Treas. Employees Union v. Von Raab*, 489 U.S. 656, 665-66 (1989). A search is reasonable under the Fourth Amendment if it is based on individualized suspicion of wrongdoing. *See Chandler v. Miller*, 520 U.S. 305, 313 (1997). In this case, there was indeed suspicion that Plaintiff was under the influence of drugs.

Plaintiff argues in her response that because there was no warrant for the drug test, the drug testing must serve a "special governmental needs", and Duncanville fails

to provide such an explanation. The record establishes that this drug test was performed because two witness had reasonable suspicion that Plaintiff was behaving in a way indicating drug use when she exhibited odd and concerning behavior at a meeting. On November 5, 2008, the day of the drug test, Plaintiff was attending a meeting of the seventh grade math teachers lead by Liz Birdwell, the Executive Director of Curriculum and Instruction for Duncanville. It was at this meeting, to which Plaintiff arrived late, that Ms. Birdwell noticed Plaintiff exhibiting strange behavior. Ms. Birdwell noted Plaintiff (1) had difficulty following directions, focusing and feeding herself, (2) almost fell out of her chair, and (3) had slow and slurred speech. Ms. Birdwell suspected Plaintiff of being medicated in some way and wondered if she had a substance abuse problem, which would explain the low test scores of her students. Ms. Birdwell notified Granger, who drove to the off-campus meeting to make his own observations. He noticed Plaintiff could not follow instructions, her eyes were rolling back, she appeared in a daze, and she dropped her pen multiple times. The behavior that was observed resulted in Granger requesting for a voucher for a drug test from Burks. In this instance, the Court finds that the record clearly establishes there was indeed individualized suspicion. *But see Knox County Educ. Ass'n v. Knox County Bd. of Educ.*, 158 F.3d 361, 370-75 (6th Cir. 1998)(suspicisionless drug testing of teachers justified in part by unique role teachers play in lives of children).

In her response, Plaintiff also argues that her rights were violated because there were no students present at the off-campus meeting, only teachers and administrators,

so there was no risk of harm to any students which would justify the drug test. As the Court has already addressed, there was individualized suspicion, based on the observations of two witnesses, that Plaintiff was in some way medicated, possibly by illicit drugs, during the meeting. Having this individualized suspicion about Plaintiff, Granger secured a voucher for a drug test. Plaintiff cites the Court to no case requiring that a teacher must be in the presence of children to justify any drug testing, and the Court can find no such case. The unique role teachers play in the lives of their students has been recognized by courts. *See Knox County Educ.*, 158 F.3d at 374-75. As the 6th Circuit court recognized, a teacher's job is to directly influence children. *Id* at 375. This includes influencing them either directly or by example, including children's conduct involving illegal activity. The governmental interest in protecting children while entrusted to the care of their teachers is made more difficult in that teachers "are not subject to the same day-to-day scrutiny" as others would be, since they spend most of the day in their classroom alone with the children. *Id.* And students who might be old enough to report suspected drug use by their teacher might be reluctant to do so out of "fear of being disblieved, ridiculed, or retaliated against." *Id.* In this instance, one could say that the observations of Plaintiff's odd behavior in a meeting at an administration building, rather than the classroom, was more fortuitous in permitting Duncanville to verify its suspicions of Plaintiff's drug use without children being present. But certainly there is no case law requiring that a teacher suspected of drug use must actually be in an

area with children before a drug test can be justified. The Court concludes that the suspicions of two witnesses was sufficient to justify the drug test.

The Court finds that Plaintiff failed to meet her summary judgment burden on her section 1983 claim against Duncanville, and summary judgment is appropriate.

b.      *Defendants Granger, Price, and Burks*

As for Plaintiff's section 1983 claims against Defendants Granger, Price, and Burks, the Court concludes that summary judgment is appropriate also. The Individual Defendants move for summary judgment on the grounds that they are entitled to immunity from Plaintiff's section 1983 claims against them in their individual and supervisory capacities. Plaintiff has made no response to the Individual Defendants' request for summary judgment on this claim against them, and has presented no evidence raising a material fact issue as to this claim. Accordingly, this claim is deemed abandoned, and the Court will enter summary judgment for Defendants Granger, Price, and Burks. *See Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)(claim abandoned when plaintiff failed to defend it in response to motion to dismiss); *Scales v. Slater*, 181 F.3d 703, 708 n. 5 (5th Cir. 1999)(plaintiff abandoned claim by failing to contest defendant's arguments for dismissal of that claim); *Thompson v. Exxon Mobil Corp.*, 344 F.Supp.2d 971, 976 (E.D. Tex. 2004)(where plaintiff only responded to defendant's summary judgment motion on two claims, remaining claims were deemed to have been abandoned).

### C. Motion to Strike Plaintiff's Summary Judgment Evidence

Defendants moved to strike certain portions of Plaintiff's summary judgment evidence. The Court finds that it reaches the same conclusions with respect to Defendants' Motion for Partial Summary Judgment whether or not the evidence objected to is considered. Therefore, Defendants' Motion to Strike Plaintiff's Incompetent Summary Judgment Evidence is **denied as moot.**

## IV. Conclusion

In conclusion, the Court grants Defendant Duncanville's motion to dismiss Plaintiff's negligence claim against it because Duncanville is entitled to sovereign immunity. The Court denies the motion as to Plaintiff's claims for retaliation and breach of contract. The Court grants summary judgment as to Plaintiff's claims for breach of contract and any declaratory relief related to the breach of contract claim against Duncanville, as well as Plaintiff's section 1983 claims against both Duncanville and Defendants Granger, Price, and Burks, and denies it as to Plaintiff's claim for attorneys' fees. The Court also denies as moot Defendants' motion to strike Plaintiff's summary judgment evidence.

**SO ORDERED.**

Signed September 2nd, 2010.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE